UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ALEJANDRO VILLASENOR,<br><br>               Plaintiff,<br><br>v.<br><br>IAN T. McNETT,<br><br>               Defendant. | Case No.:  21-cv-848-GPC-DEB<br><br>**ORDER VACATING STATUS CONFERENE AND SETTING SETTLEMENT CONFERENCE** |
|---|---|

    The Status Conference on November 5, 2021 at 10:30 a.m. is vacated. Instead, the Court will conduct a Settlement Conference on **December 1, 2021**, at **1:30 p.m.**

    1.    **Purpose of the Settlement Conference:**  The purpose of the Settlement Conference is to permit an informal discussion between the attorneys, parties, and the Magistrate Judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. Counsel[1] attending the Settlement Conference are expected to have a command of the facts and applicable law and must be prepared to engage in a detailed discussion of the merits of their respective cases and good faith settlement discussions.  ***All discussions***

---

[1] As used herein, references to "counsel" include any party representing himself or herself.

*during the Settlement Conference are informal, off the record, privileged and confidential.*

2. **Full Settlement Authority Is Required:** Pursuant to Local Rule 16.3.b., all parties, party representatives, including claims adjusters for insured parties, and the principal attorney(s) responsible for the litigation must participate in the Settlement Conference.[2] This appearance must be made with full and unlimited authority to negotiate and enter into a binding settlement.[3] The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

Counsel for a government entity may be excused from this requirement so long as the government attorney who participates in the Settlement Conference (1) has primary responsibility for handling the case; and (2) may negotiate settlement offers that the attorney is willing to recommend to the government official having ultimate settlement authority.

3. **Procedure for Zoom Videoconference Appearance:** Although the Court typically requires personal attendance of all participants, due to the COVID-19 public

---

[2] The attendance requirement includes parties that are indemnified by others. Any deviation from this Order requires prior Court approval.

[3] Full authority to settle means that the individuals at the Settlement Conference are authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Pitman*, 216 F.R.D. at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-597 (8th Cir. 2001).

emergency, the Court will use its Zoom video conferencing account to hold the Settlement Conference.

Prior to the start of the Settlement Conference, the Court will email each participant an invitation to join a Zoom video conference. Participants must join the video conference by following the ZoomGov Meeting hyperlink in the invitation. Each participant should plan to join the Zoom video conference *at least five minutes before* the start of the Settlement Conference to ensure that the conference begins on time.

Zoom's functionalities will allow the Court to conduct the Settlement Conference as it ordinarily would conduct an in-person one. The Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms. In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence. Breakout Rooms will also allow parties and counsel to communicate confidentially outside the presence of the Court.

All participants must display the same level of professionalism during the Settlement Conference and be prepared to devote their full attention to the Settlement Conference as if they were attending in person (e.g., not be driving while speaking to the Court, or otherwise distracted).

4.  **Confidential Settlement Conference Statements Required:** No later than **November 24, 2021**, each party must lodge a Confidential Settlement Conference Statement. The Settlement Conference statement may be lodged by email to efile_butcher@casd.uscourts.gov or U.S. mail and must not exceed ten (10) pages, excluding exhibits. If exhibits are attached, the parties are encouraged to highlight the relevant portions. The Court does not require Settlement Conference Statements to be served on other parties; however, the parties may elect to share their Settlement Conference Statements at their discretion. *These statements are not to be filed on the CM/ECF system.*

All confidential Settlement Conference Statements must include:

a.   the party's position on liability and damages supported by relevant facts, a discussion of the significant facts established during discovery, and legal

analysis with citations to controlling legal authority. The parties are also encouraged to attach a chronology setting forth a timeline of the events at issue. If submitted, the chronology should be in a chart or column format with the column headings "DATE" and "EVENT." The chronology is not counted against the page limits;

b. **for plaintiff(s)**, a specific and current settlement demand addressing all relief sought and an itemization of the damages sought, and, **for defendant(s)**, a specific and current offer and the bases for that offer. (Note: a general statement that a party will "negotiate in good faith," "offer a nominal cash sum," or "be prepared to make a demand or offer at the conference" is not a specific demand or offer. If a specific offer or demand cannot be made at the Settlement Conference, state the reasons why and explain what additional information is required to make a settlement demand or offer.);

c. a brief description of any previous settlement negotiations or mediations; and

d. the names of attorney(s) and non-attorney(s) who will attend the conference, including the name(s) and title(s)/position(s) of the party/party representative(s).

6. **Requests to Continue Settlement Conference:** Any request for a continuance must be made as soon as counsel is aware of the circumstances that warrant rescheduling the conference.

Questions regarding this case or the mandatory guidelines set forth herein may be directed to the Magistrate Judge's law clerks at (619) 446-3704.

**IT IS SO ORDERED.**

Dated: November 1, 2021

_____
Honorable Daniel E. Butcher
United States Magistrate Judge